1. As to the statute of 13 El., 5, p. 317, that a fraudulent deed shall be void against a creditor. The defendant is not within the statute, for he is no creditor, but an officer, and he cannot justify under an allegation that the deed was done fraudulently; and this being a penal law, ought to be construed strictly.
It was objected that if the officers of justice were not to be protected, the statute would be of no avail. As to this the sheriff, in case of an execution, justifies that the gift was fraudulent, but not by pleading non culp. He says that he attached the goods per consuetudin.manerii. It does not appear that they were forfeited, for according to law there ought to be a summons before an attachment, and it is not shown that there was any custom of making attachments.
3. He does not say that he attached him to appear, for otherwise the party had no day on the rolls to have his goods.
4. He does not say that he returned the attachment, and this makes him a trespasser ab initio.
5. He attached W. Bayton by his goods, and impounded them as if there was no difference between an attachment and a distress.
6. The traverse is bad, for it is on the color.
E contra. If the statute did not help bailiffs, no mean process could be executed; and when the statute *gives the principal, it gives also the accessory. 22 Ass., 61.
As to the second exception, we have said that the attachment issued before the summons secundum consuetudinem manerii. If this be not the custom, it is the fault of the statute, and the bailiff cannot question *Page 794 
this. 6 Co., 52; Countess of Rutland's case; but aliter if the court awards a capias where it does not lie, as in 10 Rep., 68, Marshalsea's case. But here the steward had authority to award an attachment, but if he had awarded a capias, false imprisonment would lie. For he knew that such process did not lie. The execution of an attachment without alleging a summons is well. Book of Entries, 30 H., 8; Placito, 26.
As to the fourth exception. We have answered to all the pleas. The plaintiff declares not only on the taking but on the loss of his goods, and we have answered to the taking only; but at the end of the plea, we say nonculp. aliter vel alio modo. He ought to have taken issue with us upon this matter.
The principal exception is that the attachment was not returned. If the sheriff does not return a capias, false imprisonment lies against him. For the capias is conditional and the attachment general. 16 H., 7, 14; per Keeble, 2. It is unnecessary to allege a return when a stranger is party.
As to the sixth point. The issue is not taken on the color but on the ground and substance of the plea; and if it is bad, it is helped by the statute, as Nichol's case, in Dyer, 238, Hudson's case.
There ought to be judgment for the defendant. If the attachment were not returned, it ought to be shown by the plaintiff.
WHITLOCK, J., concurred.